## Case No. 5,263.

### GASSAWAY v. JONES.

[2 Cranch, C. C. 334.][1]

Circuit Court, District of Columbia. Oct. Term, 1822.

#### EVIDENCE—ADMISSIONS BY DEFENDANT TO STRANGER.

If an indorser, after suit brought against him, tell a stranger, that he is ready and willing to pay the debt, if he knew the amount of the costs, and to whom to pay it; this will not dispense with proof of demand and notice, or of the defendant's knowledge that he was discharged by the want of due demand and notice; nor with proof of the defendant's handwriting on the note, although the note was filed in the clerk's office before the supposed acknowledgment; nor will it be sufficient evidence to sustain any of the money counts.

Assumpsit, against the indorser of a promissory note.

The defendant after the suit was brought, told a stranger (Z. W.) that he was ready and willing to pay the debt if he knew the amount of the costs.

Mr. Key, for plaintiff, contended that the promise to pay, is prima facie evidence of due demand and notice, and of the defendant's indorsement; the note having been filed in the clerk's office before the acknowledgment, although there was no evidence that the defendant had seen the note.

Mr. Lear, contra. The burden of proof is on the plaintiff to prove due demand and notice, or of a promise to pay, made by the defendant with a knowledge of his discharge by the want of demand and notice. Good v. Sprigg [Case No. 5,532] in this court at June term, 1819.

THE COURT (nem. con.) said that the note could not be given in evidence upon that testimony.

But THE COURT (MORSELL, Circuit Judge, contra), at the request of the plaintiff's counsel, told the jury that the acknowledgment was evidence upon the money counts.

The jury thereupon found a verdict for the plaintiff, for $120, (the amount of the note,) upon the count for money had and received.

THE COURT, however, upon further consideration, at the motion of the defendant's counsel, granted a new trial, being of opinion that the last instruction given at the trial was erroneous.

The plaintiff had leave to amend his declaration.